IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41263
Summary Calendar
_____

ANN BEST ELITE TEMPORARIES, INCORPORATED,

Plaintiff-Appellee,

versus

THE KNR GROUP, INCORPORATED; ET AL.,

Defendants,

KEITH ROYSTER, Individually and
doing business as KNR Group, Incorporated,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-98-CV-535
--------------------
May 19, 2000

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit
Judges.

PER CURIAM:[*]

Keith Royster, individually and doing business as KNR Group, Inc., appeals from the default judgment in favor of Ann Best Elite Temporaries, Inc. (ABET) in a dispute regarding an alleged breach of contract. He contends that the district court erred in

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entering the default judgment because his failure to appear at a court-ordered mediation conference, his own deposition, and at docket call was due, not to intransigence, but rather to financial inability.  Royster explains that he is a resident of Florida and cannot afford the expense of traveling to the Southern District of Texas, where this suit was brought.

The decision to strike a party's pleadings and enter default judgment is a matter within the district court's discretion and is reviewed only for an abuse of that discretion.  Smith v. Smith, 145 F.3d 335, 343-44 (5th Cir. 1998).  Because it is such a drastic remedy, default judgment is a disfavored means of resolving a controversy.  Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).  The power to impose a default judgment is thus to be exercised judiciously and never "when it has been established that failure to comply has been due to inability, and not to wilfulness, bad faith, or any fault of (the non-complying party)."  Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503 (5th Cir. 1977) (internal citation and quotation marks omitted).  Nor should a default be entered when a less drastic sanction would suffice.  See Smith, 145 F.3d at 344.

The district court abused its discretion in resorting to default judgment as a sanction for Royster's dereliction of this action.  Royster's letter apprised the district court that his failure to appear for various pretrial matters, the sole justification offered by the district court for levying the sanction, was due, not to a wilful disregard for his responsibilities, but rather to financial privation.  See Wilson,

561 F.2d at 503. The plaintiffs did not challenge Royster's allegation of financial hardship. Moreover, the record does not show that the district court considered whether any lesser sanction would have sufficed under the circumstances. See Smith, 145 F.3d at 344. Lastly, the default judgment resulted in a substantial monetary judgment being entered against Royster. See Prive Corp., 161 F.3d at 893.

Upon remand, the district court is free either to consider whether any lesser sanction would achieve the ends of justice or to articulate the rationale underpinning its belief that default was the only appropriate remedy under the circumstances. The district court should also consider whether sanctions can be eschewed entirely by addressing the fundamental problem of Royster's alleged inability to travel to the Southern District of Texas. In this regard, the district court may wish to consider ordering that the mediation conference and Royster's deposition be conducted by phone or that pretrial discovery be achieved through interrogatories or any means other than an in-person deposition.

REVERSED and REMANDED.